Circuit Court, District of Columbia. Nov. Term, 1823.

SUIT ON ADMINISTRATION BOND.

An action will not lie against the sureties in an administration bond until a devastavit has been established in a suit against the administrator.

Debt [by R. Young, Judge, etc.] against the sureties in the administration bond of John Mandeville, administrator of Jonathan Mandeville. The breach assigned was, that the administrator had failed to pay to one Joseph Janney $111.94, and $26.86, due from the intestate, for which a judgment had been obtained in this court by the said Joseph against the said administrator.

Mr. Taylor, for defendant, demurred to the replication in which the breach was assigned, and contended that no action would lie against the sureties in the administration bond until a devastavit has been established against the administrator in a separate suit against him, as this court decided in the case of Gilpin v. Crandell [Case No. 5,449], at November term, 1812.

Mr. Swann, for plaintiff, admitted the law to be so, according to the decisions in Virginia; but this court is not bound by those decisions.

THE COURT rendered judgment upon the demurrer, for the defendant, at May term, 1824.

---

## Case No. 18,162.

### YOUNG v. MARINE INS. CO.

[1 Cranch, C. C. 238.] [1]

Circuit Court, District of Columbia. June Term, 1805.

QUALIFICATIONS OF JURORS.

The qualifications of jurors in this court must be the same as in the county courts of Virginia.
[Cited in brief in First Nat. Bank v. Town of Mount Tabor, 52 Vt. 92.]

[Action by James Young against the Marine Insurance Company of Alexandria.]

It was yesterday decided (Cranch, Circuit Judge, absent) that the qualifications of jurors in this court shall be such as are required for jurors in the county courts of Virginia; and not those required for jurors in the district courts of Virginia. Jurymen therefore need not hold a freehold estate,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

but must possess personal property to the value of 150 dollars; but see U. S. v. Johnston [Case No. 15,490].